**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey James BREWER, Defendant–Appellant.**

**No. 90–10538.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 19, 1991.

Decided Oct. 17, 1991.

---

Jeffrey L. Staniels, Chief Asst. Federal Defender, Sacramento, Cal., for defendant-appellant.

Miguel Rodriguez, Asst. U.S. Atty., Sacramento, Cal., for plaintiff-appellee.

Before CHOY, ALARCON and T.G. NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Jeffrey Brewer appeals from the denial of his motion to suppress evidence and his subsequent motion for a *de novo* evidentiary hearing. Thereafter, Brewer entered a conditional plea of guilty to possession of 109 grams of cocaine. Pursuant to Federal Rule of Criminal Procedure 11(a)(2), Brewer reserved the right to appeal the adverse ruling on his motion to suppress evidence and the denial of a *de novo* evidentiary hearing.

We must decide whether the district court erred in ruling that Rule 615 of the Federal Rules of Evidence, which mandates the exclusion of witnesses at the request of a party, is inapplicable to an evidentiary hearing conducted to resolve factual issues presented in a motion to suppress evidence pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure. We conclude that Rule 615 is applicable under such circumstances. We reverse because the Government failed to meet its burden of persuading this court by a preponderance of the evidence that the district court's erroneous ruling was harmless.

I

FACTUAL AND PROCEDURAL BACKGROUND

In his motion to suppress, Brewer contended that the car in which he was a passenger was stopped without well-founded suspicion by undercover officers of the Sacramento Sheriff's Department for minor traffic violations as a pretext to conduct a narcotics investigation. Brewer also argued that he was patted down in the absence of any facts that the officers were in danger, and his alleged consent to a warrantless search was tainted by prior illegality.

Prior to the presentation of evidence at the hearing on the motion to suppress evidence, Brewer requested that the court exclude Deputy Sheriff David Pittack during Deputy Sheriff Rueben Meeks' testimony,

pursuant to Rule 615 of the Federal Rules of Evidence. The record reveals the following colloquy:

> MR. STANIELS: Your Honor, Officer Pittack is present in the courtroom. I'd ask for sequestration of witnesses during the—
>
> THE COURT: Denied! Let's bring in Meeks. Come up here.
>
> MR. STANIELS: If the court please, may I be heard briefly on that point?
>
> THE COURT: No. No!
>
> MR. STANIELS: I intend to call him on the same subject matter that Meeks will testify about.
>
> THE COURT: That's too bad. I'm not going to permit it. Not on a pretrial motion.

The court advised counsel that he could cross-examine the officers who testified before the grand jury. Officer Meeks testified first. Officer Pittack remained in the courtroom during Officer Meeks' testimony. Officer Meeks testified that on November 21, 1989, at approximately 11:30 a.m., he and Officer Pittack were on patrol in plain clothes in an unmarked vehicle in the vicinity of an apartment complex located at 4141 Palm Avenue, in the North Highlands area of Sacramento. The officers were assigned to the City–County Crack Rock Cocaine Impact Project. Their assignment was to look for drug activity. Officer Meeks had made several narcotics arrests at 4141 Palms Avenue.

Officer Meeks observed a moving vehicle near the apartment complex. Brewer was a passenger in the vehicle. The officers followed the car for approximately one mile until it entered Route 80. As they followed the vehicle on the freeway, Officer Meeks testified that he saw the vehicle commit traffic violations. Officer Meeks decided to stop the vehicle for the traffic violations. After the officers observed the traffic violations, Officer Pittack checked the license plate number through official radio channels to determine whether the car had been stolen and to establish the identity of the registered owner.

The officers received a report over the radio that the registered owner had been previously arrested for narcotics offenses. The registered owner lived in an area where Officer Meeks had participated in making several arrests.

The vehicle was stopped. The driver got out of the car and approached the officers. Officer Meeks had arrested the driver before that date. The driver was on "searchable probation."

Brewer remained seated on the passenger side of the vehicle. Officer Meeks knocked on the window. Brewer stared at the officer and did not respond. Brewer's hands were concealed under a large stereo cassette player. Brewer was "fumbling with it as if he was doing something underneath." Officer Meeks thought Brewer was hiding a weapon. Brewer was ordered to step out of the vehicle.

Officer Meeks patted Brewer's jacket to locate any hidden weapons. Officer Meeks felt a large plastic baggie. The contents felt "crunchy and hard." Based on his experience as a narcotics officer, Officer Meeks "felt and recognized" the substance as rock cocaine. Officer Meeks asked Brewer what was in the jacket pocket. Brewer replied: "Cigarettes." Officer Meeks asked Brewer if he would consent to a search. Brewer stated: "Go ahead." Detective Meeks found 98 grams of rock cocaine. The driver and Brewer were arrested.

Brewer next called Officer Pittack. Officer Pittack testified he heard Officer Meeks' testimony. Officer Pittack testified that he observed a vehicle leave the parking lot of the apartment complex at 4141 Palms Avenue. The car was followed because Officer Meeks told him that he had previously observed narcotics activity in that area. After the other vehicle had entered the freeway, Officer Pittack saw it commit traffic violations. Following this observation, Officer Pittack requested theft and registration information about the vehicle over Sheriff's Channel 3. This testimony corroborated Officer Meeks' testimony.

The report made by Officer Pittack following the arrest shows that the traffic

violations occurred *after* the radio call. Officer Pittack testified that the report was in error as to the sequence of events.

At the close of the presentation of evidence, the district court informed counsel that it would hear no argument on the motion to support evidence. The motion was denied. The court made no ruling on the validity of the stop for traffic violations or on whether it was a pretext to conduct a narcotics investigation.

In his motion to reopen his motion to suppress, Brewer argued that a tape of the radio transmissions would prove that the radio call was made *before* the alleged traffic violations. Brewer asserted that this evidence demonstrated that the officers' testimony that they observed traffic violations was not credible and was a pretext for an illegal stop. Brewer also contended that the court's erroneous ruling on his motion to exclude Officer Pittack was prejudicial because his testimony was the same as Officer Meeks' concerning the observation of the traffic violations, and inconsistent with his report that he radioed for information "immediately" after first observing the car.

## II

### THE RULE 615 ERROR IS THE DISPOSITIVE ISSUE

In addition to his argument that reversal is required in this matter because of the district court's violation of the mandatory requirements of Rule 615 of the Federal Rules of Evidence, Brewer also contends that a new evidentiary hearing on his motion to suppress is compelled based on the following errors:

1. The stop was pretextual.

2. The pat down of Brewer's outer clothing was not justified by facts showing a threat to the officers' safety.

3. The evidence did not show that rock cocaine is capable of recognition by feel or was so recognized by Officer Meeks.

4. The district court erred in concluding that the seizure of the cocaine was based upon probable cause resulting from a "plain feel."

Brewer also asserts that the district court improperly limited his cross-examination of Officer Meeks regarding his ability to distinguish rock cocaine from other substances in patting down a jacket. Brewer further contends that the district court erred in denying his motion to reopen the evidentiary hearing to present newly discovered evidence that would impeach the officers' testimony that the car was stopped for alleged traffic violations, and to demonstrate that Officer Pittack testified contrary to the facts set forth in his crime report so as not to contradict Officer Meeks' false testimony.

Finally, Brewer contends that the district court may have accepted the Government's invitation to reject the law of this circuit in favor of the Seventh Circuit's contrary rule concerning alleged pretextual stops.

Because we must reverse for a new evidentiary hearing, we do not reach these issues.

## III

### DISCUSSION

This circuit has not previously addressed the question whether Rule 615 is applicable to the evidentiary portions of a motion to suppress evidence conducted pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure. Rule 615 does not distinguish between evidentiary proceedings concluded before trial and the guilt phase of a criminal case. Rule 615 provides as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

■ The use of the word "shall" makes it clear that a district court must comply with a request for exclusion. "The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was." *United States v. Ell*, 718 F.2d 291, 292 (9th Cir.1983).

Rule 615 authorizes an officer designated by the Government "as its representative," to remain in the courtroom during the testimony of other witnesses. The Government did not request that Officer Pittack remain in the courtroom as its representative during Officer Meeks' testimony.

■ The Government argues that "the Federal Rules of Evidence are not applicable to pretrial motions and hearings." *Supplemental* Brief of Appellee at 3. We have reviewed the authorities cited by the Government. None discuss the question whether the *procedure* set forth in Rule 615 to assist the trier of fact in resolving credibility issues and avoiding contrived testimony applies to an evidentiary proceeding in a motion to suppress evidence.

The Government relies primarily on Rule 1101(c) of the Federal Rules of Evidence and the cases interpreting it to support its argument. The Government has failed to discuss the provisions of Rule 1101(b) and Rule 1101(d)(3) of the Federal Rules of Evidence in the briefs it submitted to this court. Rule 1101(b) provides:

> These rules apply generally to civil actions and proceedings, including admiralty and maritime cases, to criminal cases and proceedings, to contempt proceedings except those in which the court may act summarily, and to proceedings and cases under title 11, United States Code.

Section 615 distinguishes between criminal "cases" and criminal "proceedings," and makes the rules of evidence applicable to both except for those pretrial proceedings expressly excluded in Rule 1101(d)(2) and Rule 1101(d)(3).

Rule 1101(d)(2) and Rule 1101(d)(3) provide as follows:

(d) Rules Inapplicable. The rules (other than with respect to privileges) do not apply in the following situations:

. . . .

(2) Grand Jury. Proceedings before grand juries.

(3) Miscellaneous proceedings. Proceedings for extradition or rendition; preliminary examinations in criminal cases; sentencing, or granting or revoking probation; issuance of warrants for arrest, criminal summonses, and search warrants; and proceedings with respect to release on bail or otherwise.

■ Evidentiary hearings in motion to suppress evidence proceedings pursuant to Rule 12(b)(3) are not enumerated in the exceptions to Rule 1101(b). Therefore, the Federal Rules of Evidence are applicable to motion to suppress evidence proceedings.

The Fifth Circuit is the only court that has been called upon to rule on the question whether Rule 615 is applicable to a suppression hearing. In *United States v. Warren*, 550 F.2d 219, 227 (5th Cir.1977), *rev'd en banc*, 578 F.2d 1058 (5th Cir.1978), *and cert. denied sub nom. Schick v. U.S.*, 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978), a three-judge panel of that court held that the trial judge erred in denying the defendant's request to exclude "government witnesses ... from a suppression hearing." *Id.* at 227. In an en banc hearing in this matter, the Fifth Circuit affirmed this portion of the three-judge panel's opinion. *United States v. Warren*, 578 F.2d 1058, 1076 (5th Cir.1978) (en banc), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980).

The Fifth Circuit ruled as follows:

The Government concedes and the panel found that the trial judge committed error, in violation of Fed.R.Evid. 615, when he refused to exclude the Government's witnesses from the courtroom during the suppression hearing. The rule, by its terms, is mandatory: "At the request of a party the court *shall* order witnesses excluded so that they cannot hear the testimony of other witnesses...." (Emphasis supplied.) Defense counsel requested that the rule be invoked at the

beginning of the hearing, before any testimony had been received. Record, vol. 2, at 14. The rule was later applied at trial. Therefore, the only issue before us here is whether the violation of the rule at the suppression hearing requires reversal. We hold that it does not.

578 F.2d at 1076.

■ The Government asks us to reject the Fifth Circuit's decision that Rule 615 applies to a motion to suppress evidence in *Warren* based on the provisions of Rule 1101(d)(1). Rule 1101(d)(1) provides:

(d) Rules inapplicable. The rules (other than with respect to privileges) do not apply in the following situations:

(1) Preliminary questions of fact. The determination of questions of fact preliminary to admissibility of evidence when the issue is to be determined by the court under rule 104.

Rule 104 provides in relevant part:

(a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges.

(b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

The commentary that follows Rule 104 makes it clear that this section is limited to the preliminary requirements or conditions that must be proved before a particular rule of evidence may be applied. Notes of the Advisory Committee on 1972 Proposed Rules. The examples of foundational facts that may be proved without complying with the exclusionary Rules of Evidence include the qualifications of an expert, the unavailability of a witness whose former testimony is being offered, the presence of a third person during a conversation between an attorney and client, proof of the interest of the declarant in determining whether the out-of-court statement threatens that interest, the competency of a child to testify as a witness. *Id.*

As pointed out by Charles Alan Wright and Kenneth W. Graham, the statement in Rule 1101(d) that the Rules of Evidence do not apply to preliminary fact determinations made by the court under Rule 104 "obviously cannot be read literally because, if the Rules do not apply to preliminary fact determinations then Rule 104 is inapplicable in any case to which it is supposed to apply." 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure: Evidence* § 5053 at 257 (1977).

Wright and Graham reconcile this facial inconsistency by distinguishing between the type of proof that may be presented as a foundation for the admission of evidence, such as a declaration against interest, or a dying declaration, and procedural rules that have been developed to enhance the search for the truth. "What must be meant is that the traditional exclusionary rules do not apply, but that procedural regulation of the process of admission and exclusion remains applicable." *Id.*

According to Wigmore, the procedural rule that requires the exclusion of witnesses "in order to detect falsehood by exposing inconsistencies, seems to have been early discovered and long practiced in various communities." 6 John Henry Wigmore, *Evidence* § 1837 at 455 (James H. Chadbourn ed. 1976). Wigmore notes that exclusion of witnesses is described "in the apocryphal Scriptures" in the story of Daniel's vindication of Susanna. *Id.* Wigmore also notes that this procedure was followed "in the time of those earlier modes of trial which preceded the jury and were a part of our inheritance of the common Germanic law." *Id.* at 456.

Each of the cases relied upon by the Government, in support of its thesis that Rule 615 in inapplicable to a motion to suppress evidence, concerns otherwise inadmissible evidence that is offered as a foundation for the application of a rule of evidence. In *Bourjaily v. United States,*

483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), the Supreme Court held that, in determining whether the Government has proved a conspiracy, Rule 104 "on its face allows the trial judge to consider any evidence whatsoever, bound only by the rules of privilege." *Id.* at 178, 107 S.Ct. at 2780. In *Bourjaily,* the Court ruled that Rule 104 permitted a trial court to consider hearsay declarations to determine whether a conspiracy has been shown by a preponderance of evidence. *Id.* at 177–180, 107 S.Ct. at 2779–2781.

In *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Court held that Rule 104 permitted the consideration of hearsay evidence to determine whether probable cause existed for an arrest. *Id.* at 173, 94 S.Ct. at 994. The Seventh Circuit applied the *Matlock* decision in *United States v. Bolin,* 514 F.2d 554 (7th Cir.1975), upholding the use of hearsay evidence in a suppression hearing. *Id.* at 557. *Matlock* does not support the notion that *procedural* rules designed to protect the integrity of the fact finding process are inapplicable in a suppression hearing.

In *United States v. De La Fuente,* 548 F.2d 528 (5th Cir.1977) (en banc), *cert. denied sub nom., Stewart v. U.S.,* 431 U.S. 932, 97 S.Ct. 2640, 53 L.Ed.2d 249 (1977), *and cert. denied sub nom. Sierra v. U.S.,* 434 U.S. 954, 98 S.Ct. 479, 54 L.Ed.2d 312 (1977), the Fifth Circuit held that wiretap evidence would be admissible at the guilt phase of the trial although the Government had failed to prove the authenticity of the signature of the Attorney General. *Id.* at 531–32. The Fifth Circuit held that Rule 104 excused "time-consuming compliance with a superfluous formality." *Id.* at 533. It should be noted that the same circuit, sitting en banc, approximately 17 months later, held that Rule 615 applied to suppression hearings. *United States v. Warren,* 578 F.2d at 1076.

The Government's reliance on *United States v. Kirkland,* 705 F.Supp. 1572 (M.D.Ga.1989) *aff'd without opinion,* 893 F.2d 1342 (11th Cir.1989), is also misplaced. In *Kirkland,* the district court held that in a suppression hearing, it could consider the affidavit of an assistant United States attorney as extrinsic evidence of the intent of the Government concerning the time limitation of court ordered authorization for a wiretap. *Id.* at 1577.

In footnote 4 of its decision, the district court acknowledged that the case law of "the old Fifth Circuit prior to October 1, 1981, is binding precedent upon this court." *Id.* at 1577 n. 4. The *Warren* decision, decided in 1978 by the old Fifth Circuit was thus binding on the district court. The district court in *Kirkland* did not purport to disregard the Fifth Circuit rule that Rule 615 applies to pretrial suppression hearings pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure.

We hold that Rule 615 is a procedural rule directed at the fairness of the proceedings, and not a rule affecting the type of evidence that can be considered in an evidentiary hearing. Therefore, the application of Rule 615 to a motion to suppress evidence is not affected by Rule 104. We also conclude that the Federal Rules of Evidence apply in pretrial suppression proceedings pursuant to Rule 1101(d) because such evidentiary hearings are not expressly excluded under Rule 1101(d)(2) and Rule 1101(d)(3).

## IV

### THE GOVERNMENT FAILED TO MEET ITS BURDEN OF DEMONSTRATING HARMLESS ERROR

The Government asserts that any error concerning the denial of the motion to exclude witnesses was harmless. The Government relies solely on *United States v. Pulley,* 922 F.2d 1283 (6th Cir.1991) to support its contention. In *Pulley,* the district court refused to sequester the witnesses during the guilt phase of the trial. *Id.* at 1285. The Sixth Circuit held that the district court had violated Rule 615 but concluded that the error was harmless because the officers' testimony "did not overlap significantly" and, there was no dispute as to the facts in those areas where the testimony overlapped. *Id.* at 1286–87.

The court reasoned that "their mutual presence during trial could not have undermined the integrity of the fact finding process." *Id.* (citation omitted).

■ The Government urges us to hold that any error in denying Brewer's request to exclude the witnesses was harmless because the Government could have designated Officer Pittack as its representative. We reject this suggestion because it would nullify Rule 615 in every case involving the testimony of two officers who were percipient witnesses to the same facts. The court in *Pulley* carefully analyzed the record to determine whether the error was harmless. The court's conclusion that the error was harmless was based on the fact that the testimony of the officers did not overlap significantly and that there was no dispute as to the facts regarding which the testimony overlapped. 922 F.2d at 1286–87.

■ In this matter, however, Officers Meeks and Pittack testified concerning precisely the same set of events. The question whether the facts preceding the search occurred in the manner in which the officers asserted is a hotly contested issue because of the pretextual search issue asserted at the suppression hearing by Brewer. Unlike the circumstances in *Pulley*, the record here does not support the conclusion that "their mutual presence during trial could not have undermined the integrity of the fact-finding process." *Pulley*, 922 F.2d at 1286 (citation omitted).

It is the law of this circuit that "when a court fails to comply with Rule 615, prejudice is presumed and reversal is required unless it is manifestly clear from the record that the error was harmless or unless the prosecution proves harmless error by a preponderance of the evidence." *United States v. Ell*, 718 F.2d 291, 293–94 (9th Cir.1983). Because the officers' testimony overlapped completely concerning critical testimony regarding the presence or absence of a pretextual stop, the Government has failed to rebut the presumption of prejudice that flows from a violation of Rule 615. Accordingly, we are compelled to reverse the order denying the motion to suppress.

## V

## REMAINING ISSUES TO BE RESOLVED UPON REMAND

The Government has argued that Brewer does not have "standing" (as that term is used in reference to the Fourth Amendment) to challenge the stop of the vehicle in which he was a passenger. Brewer contends that the issue is waived here because it was insufficiently raised below and the district court did not enter any findings on the issue. We express no opinion on either of these questions. We note that on remand, however, the district court will have to decide whether a passenger in a vehicle has a legitimate expectation of privacy which is invaded by an illegal stop of the vehicle. *See Rakas v. Illinois*, 439 U.S. 128, 150–151, 99 S.Ct. 421, 434, 58 L.Ed.2d 387 (1978) (Powell, J., concurring) (noting that the court's decision was limited to the issue of whether the passengers had a legitimate expectation of privacy invaded by the search of the vehicle, not by the stop thereof); *United States v. Erwin*, 875 F.2d 268 (10th Cir.1989) ("[W]e see no reason why a person's Fourth Amendment interests in challenging his own seizure should be diminished merely because he was a passenger, and not the driver, when the stop occurred." *Id.* at 270.); *United States v. Portwood*, 857 F.2d 1221 (8th Cir.1988), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2073, 104 L.Ed.2d 638 (1989), (passenger who was searched had standing to challenge the legality of the stop of the vehicle); *see also, Jamieson v. Shaw*, 772 F.2d 1205 (5th Cir.1985) (passenger in a vehicle has a protected Fourth Amendment interest sufficient for section 1983 claim).

■ At the suppression hearing, Brewer argued that the alleged traffic violations were a pretext to stop the vehicle so the police officers could conduct a narcotics investigation. We have adopted a two part test to determine whether a stop was legal when the defendant argues that the stop

was a pretext to conduct a search for which the police did not have a legal basis. *See United States v. Prim,* 698 F.2d 972 (9th Cir.1983); *Taglavore v. United States,* 291 F.2d 262, 265 (9th Cir.1961); *United States v. Lillard,* 929 F.2d 500 (9th Cir.1991). We note that in its findings of fact on the motion to suppress, the district court determined that Officers Meeks and Pittack "had a reasonable suspicion to stop the automobile" for violating traffic laws. The court did not make a finding on the question whether the traffic violations were a pretext for the stop. Upon remand, under the law of this circuit, the district court will be required to find whether the stop was pretextual.

The district court's order denying the motion to suppress is REVERSED. The order imposing sentence is VACATED. This matter is REMANDED to the district court for a new evidentiary hearing on the motion to suppress evidence.