**UNITED STATES of America**

v.

**Herman T. LAWSON and Reginald Dean Williams, Defendants.**

**No. 91–6222–CR.**

United States District Court, S.D. Florida.

Feb. 5, 1992.

---

Stephen Carlton, Asst. U.S. Atty., Washington, D.C., for plaintiff.

Charles L. Jaffee, Fort Lauderdale, Fla., for defendant Reginald Dean Williams.

Jack E. Orsley of Law Offices of Orsley & Cripps, P.A., West Palm Beach, Fla., for defendant Herman T. Lawson.

## ORDER REGARDING WILLIAMS' MOTION TO SUPPRESS

PAINE, District Judge.

### BACKGROUND

On October 23, 1991, a car driven by Defendant HERMAN T. LAWSON ("LAWSON"), in which Defendant REGINALD DEAN WILLIAMS ("WILLIAMS") rode as a passenger, was stopped by a Florida Highway Patrol trooper on the Florida Turnpike. Ultimately, cocaine was seized from the car and both Defendants made incriminating statements.

Defendants characterize the traffic stop as "pretextual" under *United States v. Smith*, 799 F.2d 704 (11th Cir.1986), and move to suppress the physical evidence and statements as fruits of the improper stop. *See* WILLIAMS' Motion to Suppress (DE 29); LAWSON's Motion to Adopt (DE 34). The Government responds, *inter alia*, that WILLIAMS, as a passenger in the car, lacks standing to object to the search. *See* Government's Opposition to Motion to Suppress Physical Evidence and Statements (DE 44).[1] WILLIAMS replies that *Smith* impliedly recognizes a passenger's stand-

ing to challenge an illegal *stop*, from which the search flowed. *See* WILLIAMS' Response to the Government's Opposition to Motion to Suppress (DE 45). The parties further argued their positions at a January 31, 1992 hearing on WILLIAMS' Motion to Suppress.[2]

### ANALYSIS

In *Rakas v. Illinois*, 439 U.S. 128, 133–36, 99 S.Ct. 421, 425–27, 58 L.Ed.2d 387 (1978), the Supreme Court held that passengers who "asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized," had no standing to challenge the search of a stopped car. The decision did not, however, discuss a passenger's standing to question the initial vehicle stop. *Id.* at 150–51, 99 S.Ct. at 434 (Powell, J., concurring), *cited in United States v. Brewer*, 947 F.2d 404, 411 (9th Cir.1991).

Neither has the Eleventh Circuit Court of Appeals decided this precise issue. In *United States v. Smith*, 799 F.2d 704 (11th Cir.1986), the leading case on pretextual traffic stops, the appellate court reversed the denial of motions to suppress filed by both the driver and passenger, thereby excluding cocaine found in the vehicle. The court noted that "if the initial stop of the vehicle was not reasonable, then the evidence seized from the trunk is a fruit of the stop and should have been suppressed." 799 F.2d at 706 n. 1; *see also United States v. Jones*, 619 F.2d 494, 498 (5th Cir.1980);[3] *United States v. Williams*, 589 F.2d 210, 214 (5th Cir.1979) (applying "fruit of the poisonous tree" doctrine to unlawful stops). But the passenger's standing to challenge the stop was not expressly acknowledged. WILLIAMS argues that, because (i) *Smith* postdates *Rakas*, and (ii) the passenger ultimately obtained suppression of the evidence, *Smith* necessarily resolved the standing issue. Speculation and

---

1. The Government has raised a number of additional arguments that exceed the scope of WILLIAMS' sole objection: a pretextual stop.

2. LAWSON did not receive notice of the hearing, which has been continued until the morning of trial.

3. The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

supposition, however, do not a binding authority make.

In the absence of direct Eleventh Circuit precedent, the undersigned looks to the other courts of appeal. The Eighth Circuit has twice held that a passenger who is ordered out of the car and frisked "can contest the legality of the stop and frisk," but has not discussed the general issue of passenger standing. *United States v. Portwood,* 857 F.2d 1221, 1222 (8th Cir. 1988); *United States v. Durant,* 730 F.2d 1180, 1182 (8th Cir.1984). The Fifth Circuit has recognized a passenger's right, under the Civil Rights Act and the Fourth Amendment, to sue for damages occasioned by an improper roadblock, but has likewise not fully explored passenger standing. *Jamieson v. Shaw,* 772 F.2d 1205, 1211–12 (5th Cir.1985). The most extensive, and persuasive, analysis of the issue is found in *United States v. Erwin,* 875 F.2d 268, 269–70 (10th Cir.1989):

> The Supreme Court has recognized that questions of "standing" to challenge a search and seizure are "more properly subsumed under substantive Fourth Amendment doctrine." The proper inquiry is whether a challenged stop and search violated the Fourth Amendment rights of a criminal defendant making the challenge. This inquiry requires a determination of whether the Fourth Amendment was designed to protect an interest of the defendant that was violated by the stop and search. Thus, the question presented here is whether a passenger of a vehicle has sufficient Fourth Amendment interests to challenge a traffic stop of that vehicle.
>
> We believe the traffic stop in this case implicates an interest of defendant that the Fourth Amendment was designed to protect. In challenging the stop, defendant is objecting to the seizure of his person, and the "Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of arrest." It is beyond dispute that a vehicle's driver may challenge his traffic stop, and we see no reason why a person's Fourth Amendment interests in challenging his own seizure should be diminished merely because he was a passenger, and not the driver, when the stop occurred. Drivers and passengers have similar interests in seeing that their persons remain free from unreasonable seizure. Furthermore, we reject any notion that a vehicular stop detains for Fourth Amendment purposes *only* the driver simply because the passenger may be free to depart. Thus, we conclude that defendant may challenge the legality of the traffic stop in this case.

(Citations omitted) (emphasis in original); *see also United States v. Powell,* 929 F.2d 1190, 1195 (7th Cir.1991) (citing *Erwin* and "numerous state courts" that have concluded that a passenger has standing to challenge a vehicle stop). The fruits of the resultant search would thus be inadmissible. *See* 875 F.2d at 269 n. 2, 272.

### CONCLUSION

This Court adopts the *Erwin* analysis. WILLIAMS may object to the traffic stop as "pretextual" and the physical evidence and statements as "fruit of the poisonous tree." It is therefore

ORDERED and ADJUDGED that ruling on WILLIAMS' Motion to Suppress (DE 29) is reserved, pending completion of the hearing thereon.

DONE and ORDERED.