991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bruce Loren LATIMER, Defendant-Appellant.
 No. 91-50420.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 17, 1992.
Decided April 26, 1993.
 
 Before NORRIS, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bruce Loren Latimer was convicted and sentenced for armed robbery and for use of a firearm in a crime of violence. He claims that (1) the police lacked probable cause to arrest him, (2) the government violated the requirements of discovery, and (3) there were errors in his sentencing. With this memorandum disposition, we affirm his conviction and reject all but one of the challenges he makes to his sentence.[1]
 
 
 3
 * Latimer claims probable cause was lacking to arrest him because testimony that Latimer's car had been tracked using the ETS system was unsupported by foundational evidence and because there was only hearsay testimony regarding the helicopter's identification of Latimer's car as the getaway car. This claim has no merit.
 
 
 4
 The legal question of whether probable cause existed for an arrest is reviewed de novo. United States v. Linn, 880 F.2d 209, 214 (9th Cir.1989). In determining the existence of probable cause, we determine, by the knowledge of all the officers, the totality of the circumstances. United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990). Probable cause "is a practical, nontechnical concept." United States v. Morgan, 799 F.2d 467, 469 (9th Cir.1986). If "a prudent person would have concluded that there was a fair probability that [Latimer] committed a crime," probable cause existed and the motion to suppress was properly denied. Id. (quotation omitted).
 
 
 5
 Latimer complains there was no evidence of the reliability of the ETS tracking system, and the government failed to lay the proper foundation for this evidence. The rules of evidence which are required at trial are not required at a suppression hearing. United States v. Brewer, 947 F.2d 404, 410 (9th Cir.1991) (allowing use of hearsay evidence to determine whether probable cause existed for an arrest) (citing United States v. Matlock, 415 U.S. 164, 173 (1974)). At such hearings, the trial court "is not bound by the rules of evidence except those with respect to privileges," Fed.R.Evid. 104(a), because the trial judge is only trying to determine the totality of the circumstances by the knowledge of all the officers, Hoyos, 892 F.2d at 1392. See also Matlock, 415 U.S. at 175 ("in proceedings where the judge himself is considering the admissability of evidence, the exclusionary rules ... should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel").
 
 
 6
 In fact, there was some foundation for the introduction of the ETS related testimony at the suppression hearing. It was revealed that both officers had done tests with ETS and Officer Meder stated that they were accurate.
 
 
 7
 Latimer also argues that the government failed to carry its burden in the suppression hearing because there was only hearsay testimony by Sergeant Shanahan that the helicopter was "tracking ... around the area of 17th Street and Esplanade" and "attempting to isolate a signal." However, the fact that the helicopter pilot himself did not testify is irrelevant, for hearsay evidence is admissible at a suppression hearing. United States v. Whitten, 706 F.2d 1000, 1019 (9th Cir.1983) ("The trial judge is not bound by the hearsay rule in making preliminary determinations such as whether evidence is admissible at trial"), cert. denied, 465 U.S. 1100 (1984).
 
 
 8
 The district court correctly found that whether or not the officers were told the helicopter was relying on the ETS system, the officers (1) knew an ETS was placed with bait money; (2) the police officers testified there was an ETS somewhere in the vicinity of 17th and Esplanade; (3) the officers saw a car driving erratically; and (4) the same car, in the vicinity of the ETS, tried to evade a police road block. We find these elements sufficient to establish probable cause.
 
 II
 
 9
 Latimer complains that Fed.R.Crim.P. 16(a)(1)(C) was violated because the report the government provided suggested the bait money had been in the grocery bags and not in Latimer's wallet. "A district court's discovery rulings under Fed.R.Crim.P. 16 will not be disturbed absent an abuse of discretion, although we review de novo a district court's legal construction of Rule 16." United States v. Iglesias, 881 F.2d 1519, 1523 (9th Cir.1989) (citation omitted), cert. denied, 493 U.S. 1088 (1990).
 
 
 10
 There was conflicting testimony as to whether the bait money was found in the wallet or in the bag of money. Rule 16 does not require the government to anticipate how all of its witnesses will testify and turn that information over to the defense. Moreover, the defense cross-examined Freeman at length, and was both able to cross-examine John Meiter, and call him as a witness in its case.
 
 
 11
 It is also unclear what Latimer wished to have discovered. The district court stated that there was no lack of discovery because "[a]pparently none of this [evidence that the bills were in Latimer's wallet rather than in the bag] is in any written report." In other words, there was nothing to be discovered.
 
 
 12
 Finally, even if there was error, it was harmless. Whether the bait bills were found in Latimer's wallet or in the bag sitting on the seat of the getaway car at the time of arrest would make no difference in the guilty verdict. Either way, Latimer had possession of the bait bills, and no prejudice was created. See Pope v. Illinois, 481 U.S. 497, 502-03 (1987) (a conviction can be affirmed where appellate court finds the record at trial established guilt beyond a reasonable doubt); United States v. Laurins, 857 F.2d 529, 538 (9th Cir.1988) (even where government destroys evidence, "a reviewing court must balance the quality of the government conduct and the degree of prejudice to the accused"), cert. denied, 492 U.S. 906 (1989). There is no evidence presented that the government acted in bad faith.
 
 III
 
 13
 Latimer claims the district court improperly ruled that (1) he could not receive the level reduction for acceptance of responsibility because he did not plead guilty; and (2) could not consider a letter written by Latimer. These claims have no merit.
 
 
 14
 First, Latimer argues the probation officer and the district court used too broad an interpretation of the application note to U.S.S.G. § 3E1.1 (1990). Application note 2 states that the defendant is precluded from the downward adjustment when "a defendant ... puts the government to its burden of proof at trial by denying the essential elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, application n. 2.
 
 
 15
 Although Latimer claims the court believed it could not grant acceptance of responsibility for a defendant who went to trial, the district court explicitly stated:
 
 
 16
 All right. I stated before, but I will say it again, I recognize in theory that it should be and it is possible for a person who goes to trial, pleads not guilty and goes to trial, and then is convicted to receive a two point reduction for acceptance of responsibility.... I may have even granted that two point adjustment once, but I can't be specific about it.
 
 
 17
 Judge Tashima's language exactly tracks the language of the U.S.S.G. application note: "Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1, application n. 2 (emphasis added).
 
 
 18
 Latimer claims the district court erred in denying him the reduction because "a defendant may not be denied the reduction solely on the basis that he chose to exercise his sixth amendment right to a trial." United States v. Molina, 934 F.2d 1440, 1450 n. 12 (9th Cir.1991). But, clearly, the district court did not do this. The district court very thoughtfully and carefully reviewed the reasons why it was not going to grant the two point reduction in the instant case:
 
 
 19
 I am not going to grant the two point reduction for this reason: The main thing that I think you rely--the defendant relies on is I will call it this privileged letter from the defendant to his attorney, which obviously would not come to light because it's privileged. There's no way of compelling its production even if the events turned out otherwise. So he is making like a secret confession. Well, you know, that to me is outrageous almost, that you should get credit from doing something in secret which you don't have to make public. It's got to be a public statement at the time. Otherwise, you could get every defendant--every defendant who goes to trial, the attorney says well, send me a letter saying you are sorry and we will show it to the Court in case you are convicted. So everybody would then automatically get the two point reduction. And I am not going to go for that. I don't think the guidelines contemplated that.
 
 
 20
 Even more importantly, the district court considered the letter and found that "in light of what came forth at trial, I don't think this acceptance of remorse has much credibility."[2] This finding was not clearly erroneous.
 
 IV
 
 21
 Latimer claims that his 1967 prior sentences for bank robbery should not be considered in determining his current sentence because they were not within the Sentencing Guidelines' time limit of fifteen years. See U.S.S.G. §§ 4A1.2(e), 4B1.2, application n. 4. He argues that the earlier sentence was internally inconsistent and therefore the Parole Commission had no jurisdiction to issue the parole violation warrant that resulted in Latimer's detention in a community treatment center within the fifteen year period.[3]
 
 
 22
 In 1967, Latimer was sentenced for bank robberies in Colorado, Arizona, and California. He was sentenced to two concurrent ten-year sentences for the first two cases. Then the third case imposed a five-year sentence to run consecutively to the ten-year sentences. Latimer claims the orders in the fourth and fifth cases are ambiguous because they impose five-year sentences which are to run concurrently with both the ten-year sentences and the other five-year sentence.
 
 
 23
 The plain reading of the orders in the fourth and fifth cases is simply that Latimer was to get no more than fifteen years--in other words, these two five year sentences were to run concurrently within the first fifteen years. Also, Latimer's June 15, 1972 Certificate of Parole indicates that his sentence was to continue until 1982--a date consistent with the fifteen year sentence. Hence, Latimer's sentence was not internally inconsistent.
 
 V
 
 24
 Latimer claims that the district court believed it had no discretion to depart downwards from the Guidelines. The district court, however, could not have been more explicit: "The answer is I am not departing. I am exercising my discretion not to depart." (Emphasis added). Moreover, Judge Tashima later said "I said I am exercising my discretion not to depart; all right." Although Latimer points to some other language indicating that Judge Tashima thought the sentence was harsh, Judge Tashima clearly knew he had the discretion to depart downwards.
 
 
 25
 Therefore, we have no jurisdiction to rule on the merits of this claim because the district judge made a discretionary decision not to depart downward from the Guidelines. United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990).
 
 
 26
 The conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 By a separate opinion filed contemporaneously herewith, we vacate Latimer's sentence and remand for resentencing. See United States v. Latimer, --- F.2d ---- (9th Cir.1993)
 
 
 [2]
 Latimer claims that this quotation was not referring to the letter but to post-trial expressions of remorse. This claim has no merit. Just before the statement evaluating the credibility, the court said "All I am saying--I am saying in this case, the letter--a letter to the attorney is never going to qualify. That's all I am saying--to your own attorney." Judge Tashima was clearly talking about the letter when he refers to "this expression of remorse."
 
 
 [3]
 In evaluating this claim, we assume only for the purpose of argument that detention in a community treatment center qualifies as incarceration under the meaning of section 4A1.2(e)(1). In fact, we hold precisely the opposite, as is apparent from our separately filed opinion. See United States v. Latimer, --- F.2d ---- (9th Cir.1993)