19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence WALLACE, Defendant-Appellant.
 No. 93-50321.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Wallace appeals his convictions, following a conditional guilty plea, for armed bank robbery in violation of 18 U.S.C. Sec. 2113(a)(d), use of a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Wallace contends the district court erred by denying his motion to suppress evidence seized from a car in which he was a passenger, because officers lacked reasonable suspicion for the initial investigatory stop. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's denial of a motion to suppress evidence. United States v. Hall, 974 F.2d 1201, 1204 (9th Cir.1992). Similarly, we review de novo whether there was reasonable suspicion to justify an investigatory stop. Id.; United States v. Alvarez, 899 F.2d 833, 836 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991). We uphold findings of fact made at a suppression hearing unless they are clearly erroneous. United States v. Prieto-Villa, 910 F.2d 601, 604 (9th Cir.1990).
 
 
 4
 The Fourth Amendment allows an officer to temporarily detain a person if the officer has an articulable suspicion that the person has committed or is about to commit a crime. Hall, 974 F.2d at 1204. An investigatory stop is justified only if there is "a particularized objective basis for suspecting the particular person of criminal activity." Alvarez, 899 F.2d at 826. We must consider the totality of the circumstances in determining whether the officer's suspicion was reasonable. Hall, 974 F.2d at 1204; Alvarez, 899 F.2d at 826.
 
 
 5
 At the suppression hearing, Los Angeles County Sheriff Deputies Phillip Busch and Daniel Bujer testified to the following facts. On August 12, 1992, they received a radio broadcast that an electronic tracking system had been activated in their patrol area.[1] The tracking monitor in their car then picked up a signal south of their car. The deputies then heard another broadcast indicating that an armed robbery had just occurred, that an electronic tracking device had been taken in the robbery, and that the suspects were two Black persons, one male and one possibly female. Shortly thereafter, their car was stopped at an intersection one-half mile from the bank that was robbed. The signal became very strong, leading the deputies to believe that the tracking device was in a car stopped ahead of them. They examined the occupants of the other vehicles and saw a Thunderbird whose driver had long dark hair and dark skin.[2] The deputies saw no one else at the intersection with dark skin. When traffic began moving again, the deputies stopped the Thunderbird. They recovered a pistol, clothing, money, and two electronic tracking devices from the car. Based on these facts, the district court found that the deputies had reasonable suspicion for the investigatory stop. We agree.
 
 
 6
 The tracking device, combined with the physical description of one of the suspects and the proximity to the bank, gave the officers an objective basis for suspecting the Thunderbird's occupants of criminal activity. See Alvarez, 899 F.2d at 826.[3] The tracking device appeared to be coming from the intersection, and was stopping and starting with traffic. The Thunderbird was the only vehicle at the intersection with a driver who could have matched the broadcast description of one of the suspects. Considering the totality of the circumstances, we hold that reasonable suspicion supported the investigatory stop. See Hall, 974 F.2d at 1204; Alvarez, 899 F.2d at 826. Accordingly, the district court properly denied Wallace's motion to suppress the evidence recovered from the car.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 An electronic tracking system is a device which is placed inside a bundle of bait money. When the money is removed from the bank, the device emits a signal which can be tracked by law enforcement officials
 
 
 [2]
 Deputy Busch testified that he thought the driver could have been a Black woman. In fact, the driver was Ocampos, Wallace's co-defendant, who is a Latino man
 
 
 [3]
 Wallace argues that the prosecution did not provide a sufficient information regarding the reliability of the tracking device. However, Deputy Busch submitted a declaration which stated how the device works. Moreover, the traditional exclusionary rules of evidence do not apply to suppression hearings. See United States v. Matlock, 415 U.S. 164, 175 (1974); United States v. Brewer, 947 F.2d 404, 410 (9th Cir.1991) (traditional rules governing the type of evidence which may be considered do not apply to preliminary hearings regarding the admission of evidence)