29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dolores Fernando COCOA-TAPIA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jacinto OROZCO-MORALES, Defendant-Appellant.
 Nos. 93-10211, 93-10212.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1994.
Decided July 11, 1994.
 
 1
 Before D.W. NELSON and BEEZER, Circuit Judges, and LETTS*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Fernando Cocoa-Tapia and Jacinto Orozco-Morales appeal their convictions of possession of marijuana with intent to distribute and conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. They argue that the district court erred in denying their motions to suppress evidence, in not permitting cross examination of a government agent who violated a Rule 615 order, and in denying their motions to dismiss the indictment for alleged grand jury interference. Appellants further request that we review the district court's in camera review of alleged Henthorn materials. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 4
 * Appellants argue that the district court erred in denying their motion to suppress the marijuana upon which their convictions were based. They argue that the government agents involved in the investigation lacked probable cause to search a trailer that was parked behind a barn on residential property. They further contend that no exigent circumstances justified the warrantless entry into the trailer, where the marijuana was seized.[1]
 
 
 5
 The government argues that appellants lack standing to contest the seizure because neither appellant met his burden of demonstrating that he had a legitimate expectation of privacy in the trailer. The government contends that the district court erred in concluding that the defendants had standing pursuant to the "joint venture" standing doctrine of United States v. Padilla, 960 F.2d 854, 860-61 (9th Cir.1992).
 
 
 6
 We review de novo the district court's determination that defendants have standing to assert a Fourth Amendment claim. United States v. Lingenfelter, 997 F.2d 632, 636 (9th Cir.1993). In challenging a search on Fourth Amendment grounds, the defendants bear the burden of demonstrating that they had "a legitimate expectation of privacy in the place searched." Id. (citing Rakas v. Illinois, 493 U.S. 128, 143 (1978)). The defendants' Fourth Amendment rights are not infringed merely by " 'the introduction of damaging evidence secured by a search of a third person's premises or property.' " Id. (quoting Rakas, 439 U.S. at 134).
 
 
 7
 Appellants do not have standing under the doctrine relied upon by the district court because it was rejected by the Supreme Court, which reversed Padilla in 1993. See United States v. Padilla, 113 S.Ct. 1936 (1993) (per curiam) (holding conspiracy neither adds nor detracts from co-conspirators' expectations of privacy). Appellants have also failed to meet their burden to establish a legitimate expectation of privacy in the trailer the agents searched. They argue instead that their possessory interest in the item seized, the marijuana, gives them standing to challenge its seizure. This argument lacks merit. A mere possessory interest in a controlled substance does not create a reasonable expectation of privacy in the place searched. See Rawlings v. Kentucky, 448 U.S. 98, 105-06 (1979) (defendant lacked standing to challenge seizure of his controlled substances from another's purse because he had no expectation of privacy in the purse or in the controlled substances).
 
 
 8
 We hold that appellants lacked standing to challenge the warrantless search of the trailer. We therefore need not consider whether the search was performed without probable cause or whether exigent circumstances justified the warrantless entry.
 
 II
 
 9
 Appellants argue that the district court erred in permitting testimony and prohibiting cross examination at trial of a government witness who violated the district court's exclusion order pursuant to Rule 615 of the Federal Rules of Evidence.
 
 
 10
 During a pretrial hearing on pending motions, government agent Philip Van Nimwegan admitted that he had spoken with another agent involved in the case in violation of the court's witness exclusion order. Counsel for the defendants cross-examined the agent at length regarding his violation of the rule, and the district judge also inquired into the extent of the violation. Defense counsel requested that the court either prohibit the agent from testifying at trial or permit cross examination regarding his violation of the court's order. The district court found that although the agent's conduct violated the rule, it had not been done intentionally or in bad faith. The court permitted the agent to testify and prohibited defense counsel from cross-examining the agent regarding the order violation.
 
 
 11
 We recognize that Rule 615 applies to pretrial hearings. United States v. Brewer, 947 F.2d 404, 410 (9th Cir.1991). When a party requests exclusion under the rule, the district court is required to comply with the request. Id. at 405 (citing United States v. Ell, 718 F.2d 291, 292 (9th Cir.1983)). The appropriate sanction for a violation of the rule, however, "is a matter which lies within the sound discretion of the trial court." United States v. Avila-Macias, 577 F.2d 1384, 1389 (9th Cir.1978). We apply the harmless error standard to Rule 615 violations. See Breneman v. Kennecott Corp., 799 F.2d 470, 474 (9th Cir.1986).
 
 
 12
 The record reflects that Agent Van Nimwegan was inexperienced as a government witness, and did not knowingly violate the rule. The district court's findings that he did not act deliberately or in bad faith are not clearly erroneous. The district court was in the best position to judge whether the proposed cross-examination would significantly affect Agent Van Nimwegan's credibility. In addition, defense counsel had ample opportunity to cross-examine the agent at the preliminary hearing. The district court did not abuse its discretion in refusing to sanction the agent for his Rule 615 violation.
 
 
 13
 Any error, moreover, did not unfairly prejudice the appellants and was harmless. Defense counsel was given adequate opportunity to cross-examine the agent regarding inconsistencies in his testimony at trial, and to highlight in closing argument the agent's lack of credibility.
 
 III
 
 14
 Appellants argue that the district court improperly denied their motion to dismiss the indictment for grand jury interference.
 
 
 15
 We review de novo the district court's refusal to dismiss an indictment for alleged prosecutorial misconduct. United States v. Spillone, 879 F.2d 514, 520 (9th Cir.1989), cert. denied, 498 U.S. 878 (1990). A defendant who challenges an indictment bears a heavy burden to show misconduct. United States v. Venegas, 800 F.2d 868, 869 (9th Cir.1986), cert. denied, 479 U.S. 1100 (1987). "An indictment may be dismissed for prosecutorial misconduct only upon a showing of 'flagrant error' that significantly infringes on the ability of the grand jury to exercise independent judgment and actually prejudices the defendant." United States v. Larrazolo, 869 F.2d 1354, 1357 (9th Cir.1989).
 
 
 16
 Appellants have failed to show flagrant misconduct. The record reveals no evidence of actual ex parte communication between the prosecution and the grand jury. Even if there was improper communication regarding the quantity of marijuana involved, appellants can demonstrate no actual prejudice. Quantity was not an element of the offenses for which appellants were indicted[2] and was irrelevant to the charges. See United States v. De Rosa, 783 F.2d 1401, 1405 (9th Cir.1985).
 
 IV
 
 17
 Prior to trial, defendants moved to have the government produce the personnel files of its testifying witnesses. On the third day of trial, the trial court conducted an in camera proceeding to review files produced by the government and interview a witness, pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir.1991), cert. denied, 112 S.Ct. 1588 (1992). The district court concluded that the materials the government provided were not "appropriately disclosable to the defense." The in camera proceedings were sealed.
 
 
 18
 Pursuant to appellants' request, we have reviewed the documents and the in camera proceedings. The personnel files contain no information that would have been material to appellants' case. The district court did not err in failing to disclose the information in the files.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The Honorable J. Spencer Letts, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellants argue as a preliminary matter that the marijuana seized from the trailer was the fruit of the prior unlawful searches of Cocoa-Tapia's car and his residence. The government correctly argues that Orozco-Morales lacks standing to contest these searches because he has demonstrated no privacy interest in either Cocoa-Tapia's car or his residence. See United States v. Singleton, 987 F.2d 1444, 1447 (9th Cir.1993) (to demonstrate standing must have privacy interest in place searched). The record supports the district court's conclusions, moreover, that the officers had founded suspicion to stop Cocoa-Tapia's car and that they obtained his voluntary consent to search his residence. The searches did not violate the Fourth Amendment
 
 
 [2]
 United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992)