**UNITED STATES of America, Plaintiff,**

v.

**Joseph P. SPINA, et al., Defendants.**

**No. 86–8003–Cr–Zloch.**

United States District Court,
S.D. Florida, N.D.

Feb. 9, 1987.

Diana L. Fernandez & J. Brian McCormick Sp. Attys., Miami Strike Force, Fort Lauderdale, Fla., for plaintiff.

John Evans, & G. Richard Strafer, Coral Gables, Fla., for defendant Spina.

Joseph Karp, Richard Lubin, West Palm Beach, Fla., Jay M. Kolsky, Philip Carlton, Miami, Fla., John F. Evans, Coral Gables, Fla., Charlie Brackins, Gainsville, Fla., Stephen M. Pave, Pave & Farg, P.A., South Miami, Frank J. Petrella, Atlanta, Ga., Ivy A. Cowan, P.D. Aiken, Fort Lauderdale, Fla., for other defendants.

## ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendant, Joseph P. Spina's, Appeal Of The Magistrate's Ruling Refusing To Enforce Rule On Witnesses Excluding Prosecutors And Case Agent During Hearings On Their Alleged Misconduct (DE 367) ("Appeal").

Defendant Spina appeals the ruling of United States Magistrate Lurana S. Snow denying his request that Special United States Attorneys, J. Brian McCormick and Diana L. W. Fernandez, and the F.B.I. case agent, Special Agent McBride, be excluded from certain evidentiary hearings.

Defendant Spina has filed pre-trial motions alleging prosecutorial misconduct. United States Magistrate Lurana S. Snow held that evidentiary hearings requiring the testimony of prosecutors J. Brian McCormick and Diana L. W. Fernandez, F.B.I. Case Agent Michael McBride, and a government witness, Ms. Eloise Samoville, are required. Counsel for Defendant Spina requested that all of these witnesses be excluded pursuant to Rule 615 of the Federal Rules of Evidence. Defendant Spina, on page 2. of his Appeal, states, "... the Magistrate held that prosecutors McCormick and Fernandez and Agent McBride may remain in the courtroom at all times." On page 3. of its Response To Defendant's Appeal bearing Certificate of Service dated February 3, 1987, the Government indicates that Magistrate Snow's ruling permitted the two above-named prosecutors and Agent McBride to remain in the courtroom during the evidentiary hearings, and also states that the Magistrate permitted I.R.S. Special Agent Mortellaro to remain in the courtroom. Defendant's Appeal does not discuss Agent Mortellaro's presence in the courtroom during the evidentiary hearings.

Defendant Spina maintains that a "strict" application of Rule 615 of the Federal Rules of Evidence ("Rule 615") requires the exclusion of the two prosecutors and Case Agent McBride, "... since the conduct, knowledge and motivations of these witnesses were at issue in the hearings, they should not be permitted to hear the testimony of the other witnesses and particularly, each other." Defendant's Appeal, at 2.

The Government maintains that the Magistrate's ruling was proper and should be upheld on the basis of either of the exceptions set forth in Rule 615(2) and (3). Rule 615 states:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

The Government has an absolute right to name a representative under Rule 615(2) and the Court must permit this even though the moving party (defendant) objects to the Government's designation. *In re United States*, 584 F.2d 666, 667 (5th

Cir.1978). *United States v. Perry*, 643 F.2d 38, 53 (2nd Cir.1981).

■ The Court has the discretion to permit the Government to name more than one exempted representative. *United States v. Alvarado*, 647 F.2d 537, 540 (5th Cir.1981). "There must be wide discretion in the trial judge to allow multiple representatives." Weinstein's Evidence, Vol. 3, at 615–9.

The Government correctly points out that Title 28 U.S.C. Section 636(b)(1)(A) provides in part that:

A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is *clearly erroneous or contrary to law* (emphasis added).

The Court having reviewed Defendant's Appeal and the Government's Response, and applying the "clearly erroneous or contrary to law" standard to the Magistrate's ruling, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that Defendant Spina's Appeal Of The Magistrate's Ruling Refusing To Enforce Rule On Witnesses Excluding Prosecutors And Case Agent During Hearings On Their Alleged Misconduct (DE 367) be and the same is hereby DENIED. United States Magistrate Lurana S. Snow's ruling that Special Attorneys McCormick and Fernandez and Special Agents McBride and Mortellaro not be sequestered pursuant to Rule 615(2) and (3) be and the same is hereby confirmed by this Court.