**Hasan Tashin AGTAS,
Petitioner–Appellant,**

v.

**Harol WHITLEY, Warden, et al.,
Respondents–Appellees.**

**No. 86–2306.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 30, 1987.[*]

Decided Jan. 14, 1988.

Annette R. Quintana, Las Vegas, Nev., for petitioner-appellant.

David F. Sarnowski, Deputy Atty. Gen., Carson City, Nev., for respondents-appellees.

Before HUG, SCHROEDER and NORRIS, Circuit Judges.

[*] The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

PER CURIAM:

Hasan Tashin Agtas, a Nevada state prisoner, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Agtas contends that the district court erred in determining that he (1) was not denied effective assistance of counsel, (2) knowingly and voluntarily pleaded guilty, and (3) was not entitled to an evidentiary hearing. In addition, the state argues that the district court should have concluded that Agtas has not exhausted his state court remedies with respect to his ineffective assistance of counsel claim.

The facts are thoroughly outlined in the published decision of the district court. *Agtas v. Whitley*, 637 F.Supp. 1476 (D.Nev. 1986). We summarize them briefly.

Agtas was charged in Nevada state court with sexual assault and attempted sexual assault on a five-year-old girl. At the arraignment, represented by counsel, Agtas pleaded not guilty. He also waived his right to a preliminary hearing.

On February 9, 1984, represented by an associate of his original attorney, Agtas changed his plea to nolo contendere to the charge of lewdness with a child under the age of fourteen. In return for Agtas's plea, the prosecutor agreed to drop the two sexual assault charges. In addition, the district attorney of a neighboring county agreed not to prosecute a lewdness complaint involving a ten-year-old girl.

The judge questioned Agtas extensively regarding the implications of his plea. He also advised Agtas that he would never have the opportunity to question the five-year-old girl, whose testimony was critical to the State's case. He further advised Agtas that the admissibility of her testimony had not been determined. Agtas responded that he was following his lawyer's advice, at which point the judge informed him that the decision must be his own. Agtas then stated that he felt the best decision was to plead nolo contendere. Throughout the proceeding, however, Agtas denied having committed any offense. The court accepted Agtas's plea.

The court held a sentencing hearing on March 6, 1984. Agtas was represented by his original attorney. While he reiterated that he had committed no crime, he nonetheless reaffirmed that he wished to plead nolo contendere. The court sentenced Agtas to ten years in the Nevada State Prison.

On September 4, 1984, a third lawyer filed a motion to modify sentence, or, in the alternative, to permit withdrawal of the plea. The new attorney raised several issues, including Agtas's inexperience with the criminal justice system, his misunderstanding regarding waiver of a preliminary hearing and trial, a potential financial motive of the victim's mother (Agtas had recently won a $100,000 jackpot) which had not been disclosed, and the fact that Agtas was sedated with tranquilizers at the change of plea hearing. On October 11, 1984, after discussing Agtas's representations at the hearing and the thoroughness with which the judge had questioned Agtas when he changed his plea, the court denied the motion.

Agtas petitioned the Nevada Supreme Court for relief from the trial court's denial of his motion to modify his sentence. The Nevada Supreme Court held that, based on a review of the record, the trial court properly denied the motion. On October 4, 1985, Agtas filed a petition for writ of habeas corpus in the United States District Court. The petition alleged that: (1) the plea was not voluntary because it was fraudulently induced by the misrepresentations of Agtas's initial attorneys, (2) Agtas was denied effective assistance of counsel with respect to the two attorneys who handled the plea and the third attorney who represented Agtas at the withdrawal of plea hearing, (3) the plea was contradicted by Agtas's continued assertions of innocence, as well as by the payment of $16,000 in legal fees to the initial two attorneys, and (4) Agtas was mentally incompetent at the time of pleading guilty because of tranquilizing medication.

On June 17, 1986, the district court denied the petition, *Agtas v. Whitley*, 637 F.Supp. 1476 (D.Nev.1986). This appeal followed.

In the district court, as here, the state has argued that his claim of ineffective assistance of counsel is not properly before the federal courts because Agtas did not satisfy the exhaustion requirement. We agree with the district court that Agtas did satisfy the requirement by presenting to the Nevada Supreme Court the operative facts and legal theory upon which he based his ineffective assistance of counsel claim. *See Tamapua v. Shimoda,* 796 F.2d 261, 262 (9th Cir.1986).

We further agree with the district court that Agtas has not made a sufficient showing of ineffective assistance of counsel under the standards of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which require a showing of prejudice. He has not alleged facts which could amount to a showing that but for counsel's errors, he would have insisted on going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). There was thus also no basis for an evidentiary hearing as to ineffective assistance of counsel.

Agtas challenges the knowing and voluntary nature of his nolo contendere plea. The district court pointed out that from an independent review of the record, "[i]t is quite evident that petitioner was provided a fair opportunity to fully develop the factual issues during the succession of state court hearings." 637 F.Supp. at 1486. Most of his allegations amount to no more than "a bare contradiction of statements made when he entered his plea." *Id.* He alleges his plea was involuntary because he was taking tranquilizers at the time of his sentencing hearing, but this matter was discussed at a hearing in state court and the state court found that he had not been under the influence of tranquilizers. Nothing has been presented that would undermine the presumption of correctness to which that factual finding is entitled. *See Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986).

Because we are in essential agreement with the reasoning of the district court on all of appellant's contentions, as comprehensively set forth in its published opinion, the judgment of the district court is AFFIRMED.