892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darryl W. FUNDERBURK, Plaintiff-Appellant,
v.
Wayne ESTELLE, Warden, Defendant-Appellee.
 Nos. 88-5706, 88-5652.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 24, 1989.*
Decided Dec. 12, 1989.
 
 Before PREGERSON, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darryl W. Funderburk, a California state prisoner appeals pro se two district court denials of habeas relief sought under 28 U.S.C. § 2254. Funderburk was convicted of numerous counts of armed robbery and attempted robbery after pleading guilty to all counts charged. In appeal No. 88-5706 Funderburk contends that the trial court's failure to advise him of a three-year special parole term entitled him to habeas relief.
 
 
 3
 To prevail on an involuntary guilty plea claim, a defendant must show that he was unaware of the consequences of his plea and that if he were properly advised, he would not have pled guilty. United States v. Rivera-Ramirez, 715 F.2d 453, 456 (9th Cir.1983), cert. denied, 467 U.S. 1215 (1984). Funderburk has not contended that he was unaware of the possibility of special parole, although he had a number of opportunities to do so. He merely asserts that he was not specifically advised of the special parole term of the record. See United States v. Timmreck, 441 U.S. 780, 784 (1979). Thus, Funderburk has failed to contend his plea was involuntary. See Carter v. McCarthy, 806 F.2d 1373, 1376-1377 (9th Cir.1986).
 
 
 4
 In appeal No. 88-5652, Funderburk raises numerous claims of ineffective assistance of counsel. The district court properly rejected Funderburk's contention that his counsel failed to investigate evidence of coercion because Funderburk failed to show any resulting prejudice. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Agtas v. Whitley, 836 F.2d 1233, 1235 (9th Cir.1988).
 
 
 5
 However, one of Funderburk's contentions that he was denied effective assistance of counsel due to a conflict of interest may have merit. To establish a sixth amendment violation based on a conflict of interest, a defendant must show (1) his attorney actively represented conflicting interests, and (2) an actual conflict of interest affected his attorney's performance. Cuyler v. Sullivan, 446 U.S. 335, 348 (1980); Manhalt v. Reed, 847 F.2d 576, 579-80 (9th Cir.1988). Funderburk alleged that Franklin, counsel at both his plea hearing and sentencing, refused to withdraw two guilty pleas as requested because Broady, his attorney of record, had not yet discharged himself from the case and because Franklin had not been paid by Funderburk's mother. Thus, Funderburk sufficiently alleged facts showing a conflict of interest between his counsel's financial interest and his own interest in withdrawing two guilty pleas. The conflict allegedly affected Franklin's performance because he did not move to withdraw the two pleas. See Cuyler, 446 U.S. at 348; Manhalt, 847 F.2d at 579-80. Because prejudice would be presumed if Funderburk could prove his allegation, see United States v. Hearst, 683 F.2d 1190, 1193 (9th Cir.1980), the district court erred in dismissing Funderburk's petition without holding an evidentiary hearing to verify Funderburk's allegations. See Sober v. Crist, 644 F.2d 807, 808 (9th Cir.1981).
 
 
 6
 Funderburk's contention that Broady failed to adequately inform him of his choices is contrary to the record. Funderburk's final contention that his counsel rendered ineffective assistance in failing to help him file a certificate of probable cause to appeal is also meritless. The record is too barren to permit review of his possibly valid conflict of interest claim on appeal. See People v. Pope, 590 P.2d 859, 868 (Cal.1979) (en banc). Hence, he failed to demonstrate he was prejudiced by his counsel's inaction. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 In short, we affirm the district court's judgment on review in appeal No. 88-5706. We reverse in part the judgment of the district court on review in appeal No. 88-5652 and remand the case for an evidentiary hearing to verify Funderburk's claim of ineffective assistance of counsel based on his counsel's failure to withdraw two guilty pleas due to a conflict of interest. We affirm the remainder of the judgment.
 
 
 8
 AFFIRMED (88-5706).
 
 
 9
 AFFIRMED IN PART, REVERSED IN PART AND REMANDED (88-5652).
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3