50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thaddeus Lawrence LACH, Defendant-Appellant.
 No. 94-50109.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1995.
Decided March 23, 1995.
 
 Before: BROWNING, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thaddeus Lawrence Lach appeals his conviction for subscribing false income tax returns in violation of 26 U.S.C. Sec. 7206(1). Specifically, he argues that the district court's denial of his motion for a new trial was improper because of numerous alleged errors at trial. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 Lach argues that the district court violated Federal Rule of Evidence 404(b) by improperly admitting exhibits and testimony by former IRS Agent Lynn Lipscomb Smith relating to a 1982 audit of Lach. This court reviews the decision to admit evidence under Rule 404(b) for an abuse of discretion. Arizona v. Elmer, 21 F.3d 331, 335 (9th Cir.1994).
 
 
 4
 Lach asserts that the notice of the government's intention to introduce Rule 404(b) evidence was misleading because the proffered testimony deviated significantly from the description in the notice. We disagree. Although the government's notice did not specifically state that Smith's testimony would focus on the fact that Lach had overreported expenses, it did satisfy the requirement of "reasonable notice in advance of trial ... of the general nature of any [Rule 404(b) ] evidence [the government] intends to introduce at trial." Fed.R.Evid. 404(b). First, the notice's statement that Smith's testimony would reveal that Lach was "not reporting the corporations' true income" was substantially accurate. As Smith's testimony revealed, the direct effect of overreporting expense deductions is to "[r]educe the corporate taxable income." Second, the IRS reports that were offered into evidence, which plainly list overreported expenses discovered during the prior audit, were attached to the 404(b) notice. Even Smith's testimony that Lach had stated, "The little guy has to have a tax shelter, too," was anticipated by the notice's general statement that Smith had met with Lach to "discuss the problems" with the audit. Thus, we find no error arising from the 404(b) notice.
 
 
 5
 Lach also argues that Smith's testimony and the exhibits did not meet particular requirements for Rule 404(b) material. Although Lach does not dispute that the testimony was relevant on the issue of intent, he argues that the prior audits were too remote in time, were not similar to the present charges, and were more prejudicial than probative. See United States v. Ross, 886 F.2d 264, 267 (9th Cir.1989), cert. denied, 494 U.S. 1083 (1990).[1]
 
 
 6
 These claims are without merit. Although the prior audit occurred six years before Lach filed the allegedly improper tax returns, this is not so remote as to be inadmissible under Rule 404(b). See Ross, 886 F.2d at 267 (admitting prior act from thirteen years earlier); United States v. Spillone, 879 F.2d 514, 519 (9th Cir.1989) (admitting prior conviction from ten years earlier), cert. denied, 498 U.S. 878 (1990); United States v. Lopez-Martinez, 725 F.2d 471, 475 (9th Cir.) (admitting statements arising from arrest eight years earlier), cert. denied, 469 U.S. 837 (1984).
 
 
 7
 Even though the prior audit violation for overreporting of expenses was not identical to the present charge of underreporting gross receipts, it was sufficiently similar because both incidents resulted in an underreporting of the corporate income. See United States v. Bergman, 813 F.2d 1027, 1029 (9th Cir.), cert. denied, 484 U.S. 852 (1987); United States v. Jenkins, 785 F.2d 1387, 1395 (9th Cir.), cert. denied, 479 U.S. 855 (1986).
 
 
 8
 Finally, the district court's determination that the prior audit was more probative than prejudicial should not be disturbed. See United States v. Bailleaux, 685 F.2d 1105, 1110 (9th Cir.1982) (stating that this determination is committed to the sound discretion of the district court). Indeed, we have declined to overturn the admission of Rule 404(b) evidence under far more prejudicial circumstances than the revelation of prior tax audits. See United States v. Hadley, 918 F.2d 848, 852 (9th Cir.1990) (finding that the probative value on the issue of intent of a defendant's prior acts of sexual abuse outweighed prejudice). Particularly where the court gave an instruction limiting the use of the evidence to the issues of intent and absence of mistake, we decline to reverse the admission of the 404(b) evidence. See id.; Spillone, 879 F.2d at 520.
 
 II.
 
 9
 Lach also asserts reversible error arising from the government's failure to disclose various documents relating to the 1982 audit. Lach claims that this failure violated the requirements of Brady v. Maryland, 373 U.S. 83 (1963); the Jencks Act, 18 U.S.C. Sec. 3500; and discovery rules, Fed.R.Crim.P. 16(a)(1)(C). We reject these arguments.
 
 A.
 
 10
 This court reviews alleged Brady violations de novo. United States v. Woodley, 9 F.3d 774, 777 (9th Cir.1993). A court should only reverse a conviction if the alleged Brady information is material, i.e., if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989) (internal quotations omitted), cert. denied, 494 U.S. 1008 (1990).
 
 
 11
 In the present case, the government denies the existence of additional materials relating to the 1982 audit. The only evidence of such materials is a declaration by Lach's appellate counsel that the IRS generally keeps an administrative file with materials of the type he has sought in this case. However, the bare assertion that the government has not released all relevant documents does not establish materiality under Brady. See United States v. Endicott, 803 F.2d 506, 514 (9th Cir.1986). Thus, Lach has not asserted a valid Brady claim.
 
 B.
 
 12
 Under the Jencks Act, the defendant would be entitled, upon request, to prior statements of testifying witnesses which relate to the subject matter of his testimony. 18 U.S.C. Sec. 3500(b); United States v. Cleveland, 477 F.2d 310, 316 (7th Cir.1973). This court reviews denial of a Jencks Act request for abuse of discretion. United States v. Boshell, 952 F.2d 1101, 1104 (9th Cir.1991).
 
 
 13
 Lach waived his Jencks Act claim because he did not make a specific request for Jencks Act material following Smith's testimony. See United States v. Lyman, 592 F.2d 496, 498-99 (9th Cir.1978), cert. denied, 442 U.S. 931 (1979). Even if Lach had requested materials, only statements which "simply record, be it in either verbatim or paraphrased form, the interviewee's remarks," constitute "statements" discoverable under the Jencks Act. United States v. Griffin, 659 F.2d 932, 938 (9th Cir.1981), cert. denied, 456 U.S. 949 (1982). Because Lach has not shown that any withheld files contain such specific statements by a testifying witness, there could be no Jencks Act violation. See United States v. Pisello, 877 F.2d 762, 768 (9th Cir.1989); United States v. Michaels, 796 F.2d 1112, 1117 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987).
 
 C.
 
 14
 Similarly, Federal Rule of Criminal Procedure 16 does not compel the disclosure of the alleged administrative file. The district court's discovery rulings are reviewed for an abuse of discretion. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990). In this instance, Lach cannot complain of a Rule 16 violation because defense counsel never made a general discovery request under Rule 16(a)(1)(C). See United States v. Ness, 652 F.2d 890, 892 n. 1 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). Even if Lach had made a request, Lach's conclusory assertions of the existence and materiality of additional documents are insufficient to satisfy the materiality requirement. See United States v. Little, 753 F.2d 1420, 1445 (9th Cir.1984). Accordingly, we reject Lach's claims that the government violated Rule 16(a)(1)(C).
 
 III.
 
 15
 Lach asserts that the court violated Federal Rule of Evidence 615 because after a request that the witnesses be sequestered, it permitted two government agents to sit at the prosecution's table, yet denied the defense's request to have an accounting expert at defense counsel's table. We review a district court's decisions on exclusion of witnesses under Rule 615 for abuse of discretion. Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir.1986).
 
 
 16
 Under Rule 615, "[a]t the request of a party the court shall order witnesses excluded." Fed.R.Evid. 615; United States v. Brewer, 947 F.2d 404, 407 (9th Cir.1991). Lach first challenges the court's decision to permit two government agents to sit at counsel table. Lach concedes that the presence of one government agent is permissible under the exception to the mandatory exclusion rule for "an officer or employee of a party which is not a natural person designated as its representative by its attorney." Fed.R.Evid. 615. We have read this provision, however, to permit two individuals to represent a party at counsel table. Breneman, 799 F.2d at 474; see also United States v. Alvarado, 647 F.2d 537, 540 (5th Cir. Unit A June 1981) (permitting more than one government agent at counsel table); United States v. Spina, 654 F.Supp. 94, 96 (S.D.Fla.1987), aff'd 881 F.2d 1086 (11th Cir.1989) (same).
 
 
 17
 We likewise reject Lach's claim that the court violated Rule 615 in its treatment of the defense experts. Although the defendant's expert submitted a declaration stating that he was "not allowed to be in the courtroom during the testimony ... of the government expert witnesses," the district court did not prohibit his attendance. The district court explicitly stated in its findings of fact that although both counsel had sought to exclude witnesses from the courtroom, "an exception was made to permit defendant's accounting experts to remain in the courtroom during the testimony of the government's expert witnesses." This finding is supported by the affidavit of the prosecutor, who gave uncontroverted testimony that she had informed the defense that she had no objection to the experts' presence in the courtroom. Moreover, it is undisputed that the defense made no showing that the witnesses' presence was "essential" to its case, as required by Rule 615. Fed.R.Evid. 615(3); see also Morvant v. Construction Aggregates Corp., 570 F.2d 626, 630 (6th Cir.1978) (noting that the moving party must demonstrate that a witness is "essential").
 
 
 18
 Lach maintains that these experts should have been permitted to sit at counsel table. Rule 615, however, only addresses the right to be present in the courtroom, not a right to sit at counsel table, and Lach has offered no other authority to support such a claim. Even if the district court committed error, such an error was harmless. See United States v. Ell, 718 F.2d 291, 294 (9th Cir.1983) (applying harmless error analysis to Rule 615 violations). Lach's claim of prejudice arising from the experts' absence from counsel table fails in the face of the court's finding that the defense had a non-testifying accounting expert in the courtroom, seated "three feet away" from defense counsel, with whom defense counsel had "ample opportunity to confer." See UAW v. Michigan, 886 F.2d 766, 771 (6th Cir.1989) (finding no prejudice from the court's exclusion of a party's expert witness from counsel table). We also find unpersuasive Lach's further argument that the presence of the government investigators at counsel table unfairly cloaked them with "tacit endorsement" of the court that was unavailable to the defense experts. See United States v. Adamo, 882 F.2d 1218, 1235 (7th Cir.1989) (rejecting this argument). Accordingly, we reject the claim of a Rule 615 violation.
 
 IV.
 
 19
 Lach also argues that the district court's instruction on the good faith defense was improper because it did not convey that a defendant's subjective belief that he was acting properly is a complete defense. Under the "invited error" doctrine, this court does not review the defendant's objections to the adequacy of a jury instruction proposed by the defense. United States v. Baldwin, 987 F.2d 1432, 1437 (9th Cir.), cert. denied, 113 S.Ct. 2948 (1993). In this instance, the district court adopted, with a slight modification, Lach's proposed jury instruction No. 3, a good faith instruction which came from Devitt & Blackmar Sec. 56.26. Because the court's modification was minor and did not affect the portion of the instruction challenged by Lach, we reject Lach's argument as invited error. See Baldwin, 987 F.2d at 1437; United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991); United States v. Alexander, 695 F.2d 398, 401-02 (9th Cir.1982), cert. denied, 462 U.S. 1108 (1983).
 
 V.
 
 20
 Lach claims that the government engaged in prosecutorial misconduct during its closing argument by making inflammatory comments, accusing defense witnesses of lying, and misstating the evidence. Because he did not object to the closing argument at trial, this court reviews the claim of prosecutorial misconduct for plain error. United States v. Kessi, 868 F.2d 1097, 1107 (9th Cir.1989).
 
 
 21
 First, Lach claims that the prosecutor's statement that the income on which he did not pay taxes "went into his pocket," and that "Mr. Lach has pocketed $610,584.00" were inaccurate and inflammatory characterizations. Although Lach claimed that the $610,584.00 shortfall went to pay allowances to bartenders and other legitimate business expenses, the government presented evidence that these deductions were improper. Because the government could permissibly argue that Lach had received a windfall, a statement that he "pocketed" the money was a permissible figurative description of an unfair windfall, even if Lach spent the savings immediately rather than squirrel it away.
 
 
 22
 Second, Lach objects to the prosecutor's appeals to the jury's sense of social responsibility, such as the statement that Lach's offense "is not a victimless crime because society pays." Such statements on the social consequences of tax crimes, however, were not improper. See Guam v. Ignacio, 852 F.2d 459, 461-62 (9th Cir.1988); United States v. Lester, 749 F.2d 1288, 1301 (9th Cir.1984).
 
 
 23
 Third, Lach claims that the prosecutor impermissibly accused the defense's expert witness, John Kinross-Kennedy, of lying. However, the excerpts of record only indicate that the prosecutor noted that the witness had been paid, that his testimony "doesn't make any sense," and that his statement was "absurd." Lach has provided no evidence that the prosecutor accused the witness of fabrication rather than misstatement. Even if he had so insinuated, a prosecutor may express doubt about the veracity of a witness's testimony and label it as "fabrication." United States v. Birges, 723 F.2d 666, 672 (9th Cir.1984), cert. denied, 466 U.S. 943 (1984).
 
 
 24
 Fourth, Lach claims that the prosecutor misstated evidence during closing argument. One alleged example of a misstatement was the prosecutor's assertion that "the majority of those receipts are not things that the defendant paid." This statement, however, accurately reflected the evidence because the prosecutor specifically noted at the time that she was referring to a majority of receipts "for one month for one bar."
 
 
 25
 The other example cited by Lach was the prosecutor's statement that Lach received $5,000.00 per month from a juke box, which the government concedes was inaccurate since the evidence was that Lach had received $5,000.00 per year. Generally, a prosecutor may not misstate the evidence during closing argument. See Darden v. Wainwright, 477 U.S. 168, 181-82 (1986); United States v. Marques, 600 F.2d 742, 749 (9th Cir.1979), cert. denied, 444 U.S. 1019 (1980). However, under the plain error standard, reversal is only warranted for errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985) (internal quotations omitted); United States v. Smith, 962 F.2d 923, 935 (9th Cir.1992). This isolated error did not affect major issues in the case. See United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.) (finding no misconduct arising from misstatements of the evidence where they did not go beyond the evidence "in any significant respect"), cert. denied, 430 U.S. 971 (1977). Particularly since the judge instructed the jury that the prosecutor's argument could not be considered evidence, we decline to find plain error arising from the prosecutor's comments. See United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991) (holding that such instructions mitigate prejudice from closing argument).
 
 VI.
 
 26
 Lach contends that his trial counsel's performance was so deficient that he was denied effective assistance of counsel. This court reviews claims of ineffective assistance of counsel de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). In order to prevail on such a claim, Lach must show that (1) counsel's performance was deficient and (2) the ineffective assistance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 27
 We find that Lach's assertions of deficient performance do not constitute ineffective assistance of counsel. The failure of his attorney, Alban Silva, to file a memorandum requesting that his expert witnesses be allowed to remain in the courtroom was neither deficient nor prejudicial, since the government did not object to their presence and the court did not exclude the witnesses. The fact that Lach's counsel did not pursue vigorously the good faith defense and instead focused on a more technical approach was not improper, because the failure to pursue a particular defense strategy does not constitute deficient performance. See United States v. Olson, 925 F.2d 1170, 1174 (9th Cir.1991); United States v. Chambers, 918 F.2d 1455, 1461 (9th Cir.1990). We also find no deficiency in the good faith instruction requested by Silva, which adequately conveyed the subjective standard.
 
 
 28
 Lach's claim that defense counsel's presentation of evidence was deficient also fails. Because counsel has significant leeway in its strategic decisions, the failure to introduce certain evidence is unlikely to amount to deficient performance. See United States v. Claiborne, 870 F.2d 1463, 1468-69 (9th Cir.1989). Specifically, the failure to call additional bartenders or to introduce additional bar summaries was not deficient, particularly when this evidence likely would have been cumulative of the bartenders and bar summaries previously introduced. See Tinsley v. Borg, 895 F.2d 520, 532 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991); United States v. Schaflander, 743 F.2d 714, 718 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). Furthermore, we find no ineffective assistance arising from Silva's cross-examination of Agent Smith, which did reveal that the prior audit occurred eleven years earlier. See United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.1985) (stating that even a complete failure to cross-examine witnesses does not automatically constitute deficient performance), cert. denied, 474 U.S. 979 (1985).
 
 
 29
 The bare assertion that Silva failed to explain adequately the government's plea offer also did not constitute ineffective assistance, particularly when Lach has not shown that he would have accepted the plea agreement but for the allegedly erroneous advice. See Agtas v. Whitley, 836 F.2d 1233, 1235 (9th Cir.1988) (requiring a showing of prejudice); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir.1990) (finding no prejudice absent showing that defendant would have gone to trial but for the erroneous advice), cert. denied, 499 U.S. 940 (1991); United States v. Kidd, 734 F.2d 409, 414 (9th Cir.1984) (finding no ineffective assistance despite counsel's erroneous advice that sentence after trial likely would not exceed sentence offered during plea negotiations). Likewise, Lach's claim of deficient performance arising from Silva's admission that he was unfamiliar with the sentencing guidelines lacks merit. See United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989).
 
 
 30
 Silva's failure to object during closing argument, even if deficient, was not prejudicial because upon reviewing the transcript, we find that the lone misstatement on an isolated point did not affect the outcome. See United States v. Parker, 549 F.2d 1217, 1222 (9th Cir.) (finding that a misstatement of evidence did not prejudice the outcome), cert. denied, 430 U.S. 971 (1977). Taken as a whole, Silva's performance was not deficient to the point of creating prejudice. See Olson, 925 F.2d at 1173-74 (finding no ineffective assistance where trial counsel had no experience in mail fraud cases, failed to make pretrial motions or to request discovery, allegedly prepared witnesses inadequately, and failed to impeach witnesses). Unlike in United States v. Tucker, 716 F.2d 576 (9th Cir.1983), Lach's attorney made no major deficiencies in pretrial preparation that resulted in clear prejudice to the case. See id. at 581-84. Accordingly, we reject Lach's claim of ineffective assistance of counsel.
 
 VII.
 
 31
 Lach also argues that the fact that federal and state authorities had imposed tax liens upon the property of his defense counsel, Alban Silva, (1) revealed Silva's incompetence to handle tax cases and (2) created a conflict of interest that rendered Silva's representation ineffective.
 
 
 32
 The claim that an attorney's personal tax problems renders the attorney incompetent to practice tax law is meritless. Since this court has declined to find ineffective assistance in cases in which the attorney had been either suspended from practice or disbarred, United States v. Mouzin, 785 F.2d 682, 698 (9th Cir.), cert. denied, 479 U.S. 985 (1986); United States v. Hoffman, 733 F.2d 596, 600 (9th Cir.), cert. denied, 469 U.S. 1039 (1984), failure to pay taxes certainly does not establish incompetence to practice tax law.
 
 
 33
 In order to show ineffective assistance based on a conflict of interest, a party must show that (1) "an actual conflict of interest adversely affected his lawyer's performance"; and (2) counsel "actively represented conflicting interests." Cuyler v. Sullivan, 446 U.S. 335, 348, 350 (1980); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir.), cert. denied, 488 U.S. 908 (1988).
 
 
 34
 Lach has failed to show that the tax liens against Silva created a conflict of interest. Although the fact that a defense attorney had been accused of crimes similar or related to those of the defendant can create a conflict, see Mannhalt, 847 F.2d at 581, such a conflict arises either because the attorney labors under the threat that his criminal activity may be exposed, see, e.g., United States v. Cancilla, 725 F.2d 867, 870 (2d Cir.1984), or because his improprieties arise out of the defendant's case and create the potential that he might decline to present evidence out of fear that it would incriminate him, see, e.g., Mannhalt, 847 F.2d at 582; Cancilla, 725 F.2d at 868.
 
 
 35
 Lach's attorney did not face either problem. The tax liens against Silva had already been imposed prior to Lach's indictment and trial in 1993, so the authorities were already fully aware of his past misdeeds. Moreover, Silva's tax problems were wholly unrelated to those of Lach. Because there was no actual confict of interest, we reject Lach's argument of ineffective assistance arising from Silva's tax problems.
 
 VIII.
 
 36
 Lach argues that the district judge committed error by relying on personal notes that she took on her laptop computer, rather than the transcript, in ruling on the motion for a new trial. Because Lach failed to object to the district judge's explanation of her procedure in reviewing the evidence on the motion for a new trial, we review for plain error. See United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993).
 
 
 37
 Lach's claim is meritless. Contrary to Lach's suggestion, the district judge did not rely solely on her personal notes, but had also reviewed all of the pretrial motions and other submissions to the court, as well as her notes on the trial. She also noted for the record that the notes on her computer were "very, very complete" and that her experience has indicated that "those notes are three times as complete as any handwritten notes." Since the defendant carries a "significant burden" to show error in denying a motion for a new trial, United States v. Endicott, 869 F.2d 452, 454 (9th Cir.1989), and the trial judge clearly made a thoughtful and thorough review of the proceedings, we reject Lach's claim.
 
 IX.
 
 38
 Lach's final argument is that the district court erred by ordering restitution in addition to his prison sentence. He claims error because (1) the court could not require payment of a specific amount when there had been no final determination of his liability to the IRS; and (2) the court could not order him to pay restitution for taxes owed by corporations. This court reviews a restitution order for abuse of discretion if it is within the statutory framework. United States v. Woodley, 9 F.3d 774, 780 (9th Cir.1993).
 
 
 39
 Lach's first claim fails because the district court's restitution order did not require payment of a specific amount; rather, it required Lach to pay restitution "in the amount lawfully determined by the Internal Revenue Service." A restitution order that requires payment in an amount to be determined in a subsequent proceeding is permissible. See United States v. Green, 735 F.2d 1203, 1207 (9th Cir.1984).
 
 
 40
 Lach's second argument fails because a district court may order payment of restitution of back taxes even if the defendant was not personally responsible for those taxes. See United States v. Jenkins, 884 F.2d 433, 440 (9th Cir.) (upholding an order of restitution against persons who aided and abetted other taxpayers in filing fraudulent returns), cert. denied, 493 U.S. 1005 (1989), Since Lach owns at least 90 percent of each offending corporation and signed the tax returns, restitution was justified. See id.
 
 
 41
 We note that the district court erred in granting restitution under the Victim and Witness Protection Act (VWPA), 18 U.S.C. Sec. 3663, because the VWPA does not authorize restitution for criminal tax violations under title 26. See 18 U.S.C. Sec. 3663(a); United States v. Stout, 32 F.3d 901, 905 (5th Cir.1994); see also Woodley, 9 F.3d at 780 (upholding restitution in a case involving violations of both title 18 and title 26 because 18 U.S.C. Sec. 3663 "applies to violations of Title 18").
 
 
 42
 We therefore order that the district court's Judgment and Probation/Commitment Order of January 31, 1994 be amended by striking the restitution order pursuant to 18 U.S.C. Sec. 3663 and inserting restitution, in the same amount as stated in the original order, as an additional condition of Lach's supervised release, under the authority of 18 U.S.C.A. Sec. 3563(b)(3) (West Supp.1994) and U.S.S.G. Sec. 5E1.1(a)(2).
 
 CONCLUSION
 
 43
 For the foregoing reasons, the conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 404(b) evidence must meet the following requirements: (1) there must be sufficient proof for the jury to find the defendant committed the earlier act; (2) the other act must not be too remote in time; (3) if used to prove intent, the prior act must be similar; (4) it must be used to prove a material issue; and (5) the probative value must outweigh prejudice. Ross, 886 F.2d at 267